**Stephen H. Buckley**, OSB #801786
sbuckley@brownsteinrask.com
**Cary R. Cadonau**, OSB #002245
ccadonau@brownsteinrask.com
BROWNSTEIN RASK LLP
1200 S.W. Main Street
Portland, Oregon 97205
Telephone: (503) 221-1772
Fax: (503) 221-1074
      Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON, PORTLAND DIVISION

| | |
|---|---|
| TRUSTEES OF THE SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 49 WELFARE TRUST, <br><br>            Plaintiffs, <br><br>v. <br><br>ALLIEDBARTON SECURITY SERVICES LLC, <br><br>            Defendant. | Civil No. _____ <br><br>**COMPLAINT** (Breach of Collective Bargaining Agreement and Violation of ERISA) |

Plaintiffs allege:

**I**

**THE PARTIES**

1.    Plaintiffs are the Trustees of the Service Employees International Union Local 49

Welfare Trust ("Fund").

///   ///

///   ///

Page 1 – **COMPLAINT**


2. The Fund is an "employee welfare benefit plan" as that term is defined in 29 U.S.C. §1002(1) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). A number of employers pay health contributions to the Fund pursuant to the terms of collective bargaining agreements with Service Employees International Union Local No. 49 (the "Union").  The Fund is a "multiemployer plan" as that term is defined in 29 U.S.C. §1002(37)(A) of ERISA. The Trustees of the Fund have discretionary authority to control and manage the Fund and are "fiduciaries" of the Fund as that term is defined in 29 U.S.C. §1002(21)(A) of ERISA.

3. Defendant is a Delaware limited liability company authorized to conduct business in Oregon since August 18, 2006. At all times material to this lawsuit, Defendant has been an "employer" as that term is defined in 29 U.S.C. §152(2) of the Labor-Management Relations Act ("LMRA") and 29 U.S.C. §1002(5) of ERISA, and has been engaged in an "industry or activity affecting commerce" as that term is defined in 29 U.S.C. §§142(1) and (3) of the LMRA and 29 U.S.C. §1002(12) of ERISA.

## II

## JURISDICTION

4. The Court has jurisdiction over the Claim for Relief brought by the Trustees of the Fund against Defendant for violation of 29 U.S.C. §§1132(a)(3) and 1145 of ERISA pursuant to the provisions of 29 U.S.C. §1132(e)(1) of ERISA.

/// ///

/// ///

/// ///

/// ///

/// ///

Page 2 – **COMPLAINT**

BROWNSTEIN RASK LLP
1200 SW Main St., Portland, OR 97205
503.221.1772 tel | 503.221.1074 fax

5. During the period May 6, 2013, to February 28, 2017, Defendant was signatory to and/or bound by a collective bargaining agreement with the Union known as the Portland Security Contractors Agreement (the "2013 CBA"). During the period March 1, 2017, to February 28, 2021. Defendant is signatory to and/or bound by a collective bargaining agreement with the Union known as the Portland Security Contractors Agreement (the "2017 CBA"). The 2013 CBA and 2017 CBA cover employees in an industry affecting commerce, and the activities of Defendant affected commerce. The Court also has jurisdiction over the Claim for Relief against Defendant for violation of the 2013 CBA and 2017 CBA pursuant to the provisions of 29 U.S.C. §185(a) of the LMRA.

6. The Fund is administered in Portland, Oregon. The Court has venue over this action pursuant to 29 U.S.C. §1132(e)(2) of ERISA.

### III

### CLAIM FOR RELIEF

7. Under the terms of the 2013 CBA and 2017 CBA, Defendant agreed to pay health contributions to the Fund on behalf of its eligible employees as described in the 2013 CBA and 2017 CBA. Defendant further agreed that the terms and conditions of the Trust Agreement that created the Fund would be incorporated into the 2013 CBA and 2017 CBA and made a part of the 2013 CBA and 2017 CBA. Defendant also agreed to be bound by all past and future lawful acts of the Trustees for the Fund.

///   ///

///   ///

///   ///

///   ///

Page 3 – **COMPLAINT**

BROWNSTEIN RASK LLP
1200 SW Main St., Portland, OR 97205
503.221.1772 tel | 503.221.1074 fax

8.      Effective January 1, 2014, Defendant entered into a written Subscription Agreement with the Fund.  The Subscription Agreement has remainder in full force and effect from January 1, 2014, to date.  Based on the terms of the Subscription Agreement, Defendant agreed, upon written request from the Trustees of the Fund or their designee, to provide the Trustees of the Fund or their designee with reasonable access to its payroll and other pertinent records to the extent necessary to determine whether Defendant has made a health contribution to the Fund for all eligible employees as described in the 2013 CBA, 2017 CBA and Subscription Agreement.  Defendant also agreed to be bound by the terms and conditions of the Trust Agreement for the Fund dated July 1, 1992, and any amendments to the Trust Agreement that currently exist, as well as future amendments to the Trust Agreement and restatements of the Trust Agreement.

9.      At all times material to this lawsuit, the Trust Agreement, as amended, that created the Fund, provided that the Trustees of the Fund (either directly or through a qualified public accountant) have the authority to audit the payroll books and records of an employer to determine whether the employer has paid all contractually required health contributions to the Fund.  When a payroll audit is requested, the employer shall make available to the Trustees of the Fund, or the qualified public accountant designed by the Trustees, its payroll books and records including records which the employer may be required to maintain under 29 U.S.C. §1059(a)(1) and time cards, payroll journals, payroll tax reports, and other documents and reports that reflect the hours and wages, or other compensation, of the employees, or from which such information can be verified.

///    ///

///    ///

Page 4 – **COMPLAINT**

BROWNSTEIN RASK LLP
1200 SW Main St., Portland, OR 97205
503.221.1772 tel | 503.221.1074 fax

10. The Trustees of the Fund determined that Defendant's payroll books and records should be reviewed to determine whether all health contributions had been made to the Fund for eligible employees as described in the 2013 CBA, 2017 CBA and Subscription Agreement. The Trustees of the Fund designated Lindquist, LLP as the accounting firm to review Defendant's payroll books and records.

11. Defendant has failed to cooperate and grant the qualified public accountant retained by the Trustees of the Fund (Lindquist, LLP) access to its payroll books and records for the period January 1, 2014, to date, that are necessary to determine whether Defendant has paid all required health contributions for its eligible employees as described in the 2013 CBA, 2017 CBA and Subscription Agreement. This action by Defendant constitutes a breach of its 2013 CBA, 2017 CBA and Subscription Agreement and a violation of the Trust Agreement, as amended, that created the Fund.

12. Defendant should be required to produce its books, payroll records, information, data, reports, and other documents necessary for the qualified public accountant retained by the Trustees of the Fund (Lindquist, LLP) to determine whether all contractually required health contributions have been paid to the Fund for Defendant's eligible employees as described in the 2013 CBA, 2017 CBA and Subscription Agreement from January 1, 2014, to date.

13. The Trustees of the Fund have no plain, speedy or adequate remedy at law.

14. The Trustees of the Fund are entitled to recover reasonable attorney fees from Defendant pursuant to the provisions of 29 U.S.C. §1132(g)(1) of ERISA.

WHEREFORE, the Trustees of the Fund pray for a decree and judgment against Defendant as follows:

///    ///

Page 5 – **COMPLAINT**

1. Requiring Defendant to produce all books, payroll records, information, data, reports and other documents necessary for the qualified public accountant retained by the Trustees of the Fund (Lindquist, LLP) to determine whether all required health contributions have been paid for Defendant's eligible employees as described in the 2013 CBA, 2017 CBA and Subscription Agreement for the period January 1, 2014, to date;

2. Requiring Defendant to pay to the Trustees of the Fund their reasonable attorney fees incurred in this lawsuit;

3. Requiring Defendant to pay the Trustees of the Fund the costs and disbursements incurred in this lawsuit; and

4. For such further equitable relief as the Court deems just and proper.

DATED this 19th day of November 2018.

**BROWNSTEIN RASK, LLP**

/s/ Stephen H. Buckley
Stephen H. Buckley, OSB #801786
Attorney for Plaintiffs